IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JERMAINE TRIPPETT, :
     Petitioner, :
: 3:14-cv-1827
v. :
: (Judge Mariani)
DAVID EBBERT, :
     Respondent. :

## **MEMORANDUM**

On September 15, 2014, Petitioner, Jermaine Trippett, an inmate currently confined at the Canaan United States Penitentiary in Waymart, Pennsylvania ("USP-Canaan"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Trippett claims that he did not receive proper credit for time spent in federal custody and his credited time was incorrectly calculated pursuant to 18 U.S.C. § 3585(b). (Doc. 1). For relief, Trippett requests credit for time-served. (Doc. 1, p. 7). On October 16, 2014, Respondent filed a response to the habeas petition. (Doc. 6). No traverse has been filed. For the reasons set forth below, the habeas petition will be dismissed as moot.

**I.    Background**

On July 22, 2013, Trippett pled guilty in the United States District Court for the Eastern District of Pennsylvania to Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(A)(1); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(A)(1); Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(G)(1); and, Possession of a Firearm in Furtherance of a Drug Crime, in violation of 18

U.S.C. § 924(C)(1). (Doc. 1; Doc. 6-1, Ex. 1, Att. B). *See also United States of America v. Trippett*, No. 2:12-cr-00632 (E.D. Pa.).

On December 2, 2013, Trippett was sentenced to a one hundred forty-four month term of imprisonment and three years post-release supervision by the United States District Court for the Eastern District of Pennsylvania. (Doc. 6-1, Ex. 1, Att. B). Trippett has a projected release date of August 7, 2021, with good conduct time credit. (Doc. 6-1, Ex. 1, Att. B).

On September 15, 2014, Trippett filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Trippett argues that he is entitled to credit for time spent in federal custody. (*Id.*). Specifically, he requests credit for time-served from October 18, 2012 through December 1, 2013. (*Id.*).

On October 2, 2014, the Designation and Sentencing Computation Center performed a review of Trippett's petition and awarded him the credit requested, as well as additional credit for time-served. (Doc. 6-1, Ex. 1, Att. B). Trippett received credit for time-served from February 22, 2011 through December 1, 2013. (*Id.*).

In a response filed October 16, 2014, Respondent argues that Trippett has received the credit for time-served that he sought in his petition, and the habeas petition is therefore moot. (Doc. 8).

## II. Discussion

Article III of the Constitution provides that the "judicial Power shall extend to... Cases... [and] to Controversies." U.S. Const. Art. III, § 2. This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of "actual, ongoing cases or controversies." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). "Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990); *Khodara Envtl., Inc.*, 237 F.3d at 193).

A narrow exception to the mootness doctrine occurs when a former prisoner can show that he will still suffer "collateral consequences" if the conviction is allowed to stand. *Carafas v. LaVallee*, 391 U.S. 234 (1968); *Sibron v. New York*, 392 U.S. 40 (1968); *Burkey v. Marberry*, 566 F.3d 142 (3d Cir. 2009); *Ruiz v. Smith*, 2007 U.S. Dist. LEXIS 98855 (M.D. Pa. 2007), *adopted by*, 2007 U.S. Dist. LEXIS 98856 (M.D. Pa. 2007). The petitioner bears

the burden of demonstrating that collateral consequences exist. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002).

Trippett seeks prior custody credit for the period from October 18, 2012 through December 1, 2013. (Doc. 1). On October 2, 2014, subsequent to the filing of the petition, the BOP Designation and Sentencing Computation Center reviewed Trippett's sentence and determined that his sentence computation warranted prior custody credit for the period from February 23, 2011 through December 1, 2013. (Doc. 6-1, Ex. 1, Att. B). Therefore, Trippett has been awarded prior custody credit for the time period he seeks in the instant habeas petition.

As there is no longer a live case or controversy, and Trippett has received the relief he requested, namely credit for time-served, the petition for writ of habeas corpus will be dismissed as moot. Trippett has raised no other grounds for habeas relief in his petition. *See* (Doc. 1). Additionally, Trippett has not demonstrated that he will suffer collateral consequences from the denial of federal habeas relief.

A separate Order will be issued.

Date: November 12, 2014

Robert D. Mariani
United States District Judge